Simon, J.
The plaintiff seeks to compel the defendant, who was her tutor, to render an account of the administration of her estate, and to pay her the balance which may be due on the rendition of said account.
The defendant answered by alleging that the plaintiff is the grand-daughter of Robert Miller, Sen., who died in 1822, and of Sarah Miller, who died in 1838; that of their marriage there were six children, one of whom was Mary Miller, the mother of the plaintiff, who is admitted to be her only child and heir. That defendant and James Miller were duly appointed curators of the succession of Robert Miller their father, and administered it as such. That in 1839, defendant was appointed tutor of the plaintiff. That no property whatever has come into the possession of defendant as tutor, except such as has proceeded from her interest in the successions of her grandfather, and mother. That all the property in the possession of Robert Miller, Sen., at his death, was community property, between him and his wife, who survived him, and that said community was accepted by the latter.
The defendant further proceeds to render an account of the estates of the plaintiff’s ancestors, based upon a statement of the property in community between the spouses as per inventory and appraisement; of the proceeds of the probate sale of a part of said property, received by the curators ; of the debts and charges upon said community, as paid by the curators ; of the property inventoried and appraised as belonging to the succession of Sarah Miller deceased; and of the debts and charges upon the succession of the said Sarah. He accordingly files a detailed account of both successions. He appears to have had in his hands a sum *89 of $2455 belonging to the first succession, and to have paid the debts thereof, to the amount of $3802 99, leaving a balance in his favor of $1347 99 ; and the sum of $8999, is shown to have been the proceeds of the probate sale of the property belonging to the second succession. He deducts from said sum the balance due him by the estate of the husband, and the interest accruing thereon from 1823 to 1839, at five per cent per annum; deducts also the funeral expenses and legal expenditures, and adding to his credit a sum of $9373 34, as being the amount due him by his mother’s succession, for her alimony, maintenance and sup* port, up to the time of her death, he fixes the balance due him by his said mother’s estate at the sum of $3304 48, one-fourth of which he says, is due to him by the plaintiff, and for which he prays judgment against her, and that his account so rendered be homologated and confirmed.
This account was opposed by the plaintiff as being inadmissible and incorrect, except with regard to two items; and the opponent, disputing every article in said account, as being debts paid without authority, and in the defendant’s own wrong, avers, that the charge by him made for alimony is unreasonable, exorbitant and illegal, and prays, that the account be rejected as to the part of it entitled “passive mass” except the two items admitted ; and she claims judgment against her tutor for the amount of her portions in her ancestors’ estates, &c.
The Judge, a quo, after investigating the several matters ih dispute between the parties under the pleadings and the' evidence, and giving an elaborate opinion upon their respective rights, fixed the amount due by the defendant to the plaintiff, at the sum of $2411 91, and gave judgment in her favor for said amount; and from said judgment, the defendant has appealed.
The only evidence which the record contains in relation to the value of the successions of the plaintiff’s ancestors, results from the admissions found in the defendant’s account, except, however, that a statement of the sales made in 1823 at the request of the curators of Robert Miller’s estate, was produced on the trial, showing that the said sales amounted to $1757; and it results from said defendants’ accounts, that he considers himself bound to account to the heirs of Robert and Sarah Miller, for the *90 entire sum of $11,454, as having come into his hands as curator and administrator of the two successions. His cnratoiship of the estate of Robert Miller, Sen., is shown by the letters of appointment produced on the trial, and the defendant does not deny that the amount of $2455 was in his hands as proceeding from the .sales, and other credits of the estate of the plaintiff’s grandfather.
Now, it was admitted on the trial below, that the signatures to the vouchers filed in support of the defendant’s account, were .genuine ; but such admission was no proof of the existence of the •debts paid, but only of the payments which were made ; and it was clearly incumbent upon the defendant to show, that the sums by him expended, were really due by the succession under his administration, as curator. Without such proof, his account as such, before the Court of Probates, could not have been homolo-gated, unless it was shown that the payments had been previously ordered by the court; in which last case, the vouchers by him filed, would undoubtedly make prima facie evidence, at least, of their correctness. But here the defendant has never rendered any account as curator ; the debts by him paid were not ordered to be paid by the Probate Judge, (Civ. Code, art. 1168, 1169, 1172, 1173,) and we are not ready to say that he should now, in a suit brought against him by one of the heirs for an account of his administration, be allowed the credits by him claimed, on simply proving that the signatures to the vouchers produced are genuine. The case relied on from 3 La. 523, is not adverse to this doctrine. This court says in that case : “ that the order of the Judge for the payment of the debts of the succession, is to secure the rights of the creditors, if the succession should prove insolvent ; but that the heirs have no cause of complaint, if a just debt be paid? ■ This is true; but it does not dispense with the proof that the debts paid were justly due; and as, without such proof, it would be impossible to decide whether such debts are just or not, it is obvious that the simple production of the vouchers, with evidence of the genuineness of the signatures, must be insufficient.
Under this view of the question, we have carefully examined the evidence adduced in support of the defendant’s account, and the admissions made on the trial below, and have come to the con- *91 elusion, that instead of the sum of $1806 46, for which he was credited its the judgment appealed from, he is really entitled to the sum of $2962 76, which is the aggregate amount of all the sums he has shown to have paid for the two successions, including his commissions, and that the judgment complained of must be corrected accordingly.
With regard to the amount claimed for alimony, we think the Judge, a quo, did not err in rejecting it. From the defendant’s own showing, it is established that his mother possessed an estate worth about $9000, which was in her possession whilst she lived at the defendant’s. That estate was undoubtedly sufficient to support an old lady living with one of her children, who must have had the control of her property; and it would seem strange indeed, if we were to allow him to keep the whole of her estate as a compensation for those filial duties which he was bound to ful-fil, particularly when he has not attempted by any legal proof, to account for the manner in which she may have disposed of her yearly revenue proceeding from her property. It is pretended that the evidence proves that she was infirm and diseased in her old age, and that it was necessary to employ physicians who attended her ; but no physician’s bill is produced, and if any was paid, who paid them? The evidence on this subject is very vague and unsatisfactory. The defendant’s claim is based upon conjectures as to the value of his mother’s wants and necessaries; and we agree with the Judge, a quo, that the idea is truly absurd, that an old woman, in the possession of an estate worth nine thousand dollars, should need alimony. The claim was properly rejected.
Upon the whole, fixing the amount which the defendant recognizes himself to be bound to account for, at the sum of $11,454, and deducting therefrom the amount of the credits to which he is entitled, say $2962 77, there remains a balance in favor of the succession, of $8491 24, to one-fifth of which the plaintiff has established her clear right, (there being five heirs instead of four,) and our judgment must be rendered accordingly.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be annulled; and it is ordered and decreed, that the plaintiff do recover of the defendant, the sum of sixteen hundred *92 and ninety-eight dollars and twenty-five cents, with legal interest per annum thereon from the date of the judgment until paid; and that said plaintiff be allowed to exercise her legal mortgage on the property of the said defendant, from the date of his appointment as her tutor, for the satisfaction of the present judgment. The costs in this court to be borne by the ¡plaintiff and appellee; and those in the lower court to be paid by the defendant and appellant.
F. H. Farrar, for the plaintiff.
Stacy and Sparrow, for the appellant.